In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00065-CR
______________________________


BRANDON GENE EVERTS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law #2
Gregg County, Texas
Trial Court No. 2005-4208


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Brandon Gene Everts, appellant, has filed with this Court a motion to dismiss his
appeal. The motion is signed by Everts and by his counsel in compliance with Tex. R. App.
P. 42.2(a). As authorized by Rule 42.2, we grant the motion. See Tex. R. App. P. 42.2.
          Accordingly, we dismiss the appeal.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      May 2, 2006
Date Decided:         May 3, 2006

Do Not Publish





sel, objected to this instruction, stating, "Only objection I have, Judge, is
paragraph three -- or section three, about the synergistic effect of alcohol in the case. There's no
evidence that he was on any type of medication at the time the alleged event occurred." The trial
court overruled this objection and included the instruction in its final charge to the jury. 
            During the State's case-in-chief, Trooper Ricardo Landeros testified that, at the time of
Eaton's arrest, Eaton admitted "that he was taking an antibiotic, and [that] he shouldn't be mixing
alcohol with antibiotic medication." Pamela Ray Eaton, a licensed vocational nurse and the
appellant's wife, was asked, "Was Mr. Eaton on any type of medication at that time?" She answered,
"Yes, he was," and described the medications as prescription strength Benadryl, Ultram (a
nonnarcotic pain medication), and Keflex (an antibiotic) to treat several spider bites Eaton had
recently received. She agreed that pain medicine should not be mixed with alcohol. This testimony,
argues the State, is some evidence Eaton was on medication when Trooper Landeros made the traffic
stop and, therefore, supports the trial court's decision to include the jury instruction now at issue. 
We agree.
            The Texas Court of Criminal Appeals has expressly authorized jury instructions on the
synergistic effect of drugs and alcohol in DWI cases where there is some evidence presented at trial
that the accused's loss of the normal use of his or her mental and/or physical faculties due to alcohol
consumption was enhanced or worsened because the accused had also consumed drugs. Gray v.
State, 152 S.W.3d 125, 127–34 (Tex. Crim. App. 2004). In Gray, the defendant had been charged
with DWI by reason of the introduction of alcohol into his system. Id. at 126. Evidence at trial
showed Gray had also been taking antidepressants at the time of his arrest. Id. The trial court gave
a synergistic charge quite similar to the one now at issue. Id. at 127. The Texas Court of Criminal
Appeals found no error. Id. at 133–34.
            The charge in Eaton's case authorized the jury to convict only if it found the use of any drugs
made Eaton more susceptible to the effects of any alcohol he had ingested. Thus, the trial court's
charge did not permit the jury to convict Eaton on a theory unalleged in the charging instrument. Cf.
id. at 133. Accordingly, because the trial court's charge correctly applied the applicable law to the
facts adduced during trial, we find no error in the charge.
            We affirm the trial court's judgment.


 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 5, 2006
Date Decided:             June 22, 2006

Do Not Publish